IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | |
|---|---|
| **CINDY ORAZIO,** | * |
| | * |
| **Plaintiff,** | * |
| | *   **Civil No. TMD 13-485** |
| v. | * |
| | * |
| | * |
| **CAROLYN W. COLVIN,** | * |
| **Acting Commissioner of Social Security,** | * |
| | * |
| **Defendant.**[1] | * |

\*\*\*\*\*\*\*\*\*\*\*

**MEMORANDUM OPINION GRANTING DEFENDANT'S
<u>MOTION FOR SUMMARY JUDGMENT</u>**

Cindy Orazio ("Plaintiff") seeks judicial review under 42 U.S.C. § 405(g) of a final decision of the Commissioner of Social Security ("Defendant" or the "Commissioner") denying her application for disability insurance benefits ("DIB") under Title II of the Social Security Act. Before the Court are Plaintiff's Motion for Summary Judgment (ECF No. 10) and Defendant's Motion for Summary Judgment (ECF No. 12).[2] Plaintiff contends that the administrative record does not contain substantial evidence to support the Commissioner's decision that she is not disabled. No hearing is necessary. L.R. 105.6. For the reasons that follow, Defendant's Motion

---

[1] On February 14, 2013, Carolyn W. Colvin became the Acting Commissioner of Social Security. She is, therefore, substituted as Defendant in this matter. *See* 42 U.S.C. § 405(g); Fed. R. Civ. P. 25(d).

[2] The Fourth Circuit has noted that, "in social security cases, we often use summary judgment as a procedural means to place the district court in position to fulfill its appellate function, not as a device to avoid nontriable issues under usual Federal Rule of Civil Procedure 56 standards." *Walls v. Barnhart*, 296 F.3d 287, 289 n.2 (4th Cir. 2002). For example, "the denial of summary judgment accompanied by a remand to the Commissioner results in a judgment under sentence four of 42 U.S.C. § 405(g), which is immediately appealable." *Id.*

for Summary Judgment (ECF No. 12) is **GRANTED**, Plaintiff's Motion for Summary Judgment (ECF No. 10) is **DENIED**, and the Commissioner's decision is **AFFIRMED**.

# I

## Background

Plaintiff was born in 1958, has a ninth-grade education, and previously worked as a house cleaner.  R. at 18, 31.  Plaintiff applied for DIB on October 19, 2009, alleging disability beginning on October 1, 2008, due to Lyme disease.  R. at 86-88, 108.  The Commissioner denied Plaintiff's application initially and again on reconsideration; consequently, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ").  R. at 41-51, 54-55.  On August 18, 2011, ALJ Eugene Bond held a hearing in Washington, D.C., at which Plaintiff and a vocational expert ("VE") testified.  R. at 16, 28-40.  On August 26, 2011, the ALJ issued a decision finding Plaintiff not disabled from the alleged onset date of disability of October 1, 2008, through December 31, 2008, incorrectly stated as the "date last insured."  R. at 13-27.  Plaintiff sought review of this decision by the Appeals Council, which denied Plaintiff's request for review on December 13, 2012.  R. at 1-4, 12.  The ALJ's decision thus became the final decision of the Commissioner.  *See* 20 C.F.R. § 404.981; *see also Sims v. Apfel*, 530 U.S. 103, 106-07, 120 S. Ct. 2080, 2083 (2000).

On February 14, 2013, Plaintiff filed a complaint in this Court seeking review of the Commissioner's decision.  Upon the parties' consent, this case was transferred to a United States Magistrate Judge for final disposition and entry of judgment.  The case subsequently was reassigned to the undersigned.  The parties have briefed the issues, and the matter is now fully submitted.

II

**Summary of Evidence**

A.   **Plaintiff's Testimony**

In his decision, the ALJ reviewed Plaintiff's testimony:

> At the hearing, [Plaintiff] testified that she is able to work and currently, she is working, on a constant and consistent basis, as [a] house cleaner. [Plaintiff] earns $50.00 per hour working as a house cleaner. [Plaintiff] stated that she had continued to work as a house cleaner.
>
> . . . .
>
> [Plaintiff] stated that her impairments – arthritis [sic] have caused her to have pain and decreased mental capacities, resulting in her inability to engage in work related activities.
>
> . . . .
>
> [Plaintiff] and through third parties [sic] statements reported . . . that with her autonomic nervous system disorders and lyme's [sic] disease, she has from the date of alleged onset been able to do the following: prepares meals, does the laundry, cleans the house at times, watches TV, can read, watches television, pays attention, walks, and interacts with others without problems.

R. at 18-21; *see* R. at 31-36, 114-29.

B.   **VE Testimony**

According to the VE, a hypothetical individual with Plaintiff's same age, education, and work experience who had the capacity to do unskilled, light work[3] with a sit/stand option at will could perform the jobs of grading and sorting worker, inspector, or cashier. R. at 37-38. A person would not be employable if that person functioned at 80% of those performing the same or similar tasks on a regular basis, however. R. at 38-39.

---

[3] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. § 404.1567(b). "Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls." *Id.*

III

**Summary of ALJ's Decision**

On August 26, 2011, the ALJ found that Plaintiff (1) had not engaged in substantial gainful activity since the alleged onset date of disability of October 1, 2008; and (2) had an impairment or a combination of impairments considered to be "severe" on the basis of the requirements in the Code of Federal Regulations; but (3) did not have an impairment or a combination of impairments meeting or equaling one of the impairments set forth in 20 C.F.R. pt. 404, subpt. P, app. 1; and (4) was able to perform her past relevant work as a house cleaner; or, alternatively, (5) could perform other work in the national economy, such as a grading and sorting worker, inspector, or cashier.  R. at 18-24.  The ALJ accordingly found that she was not disabled from October 1, 2008, through December 31, 2008, the "date last insured."  R. at 24.

In so finding, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform light, unskilled work with a sit/stand option.  R. at 19.  The ALJ considered Plaintiff's credibility and found that her "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, [her] statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the [ALJ's RFC] assessment."  R. at 19.

IV

**Disability Determinations and Burden of Proof**

The Social Security Act defines a disability as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months.  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R.

§§ 404.1505, 416.905.  A claimant has a disability when the claimant is "not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists . . . in significant numbers either in the region where such individual lives or in several regions of the country."  42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

To determine whether a claimant has a disability within the meaning of the Social Security Act, the Commissioner follows a five-step sequential evaluation process outlined in the regulations.  20 C.F.R. §§ 404.1520, 416.920; *see Barnhart v. Thomas*, 540 U.S. 20, 24-25, 124 S. Ct. 376, 379-380 (2003).  "If at any step a finding of disability or nondisability can be made, the [Commissioner] will not review the claim further."  *Thomas*, 540 U.S. at 24, 124 S. Ct. at 379; *see* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).  The claimant has the burden of production and proof at steps one through four.  *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S. Ct. 2287, 2294 n.5 (1987); *Radford v. Colvin*, 734 F.3d 288, 291 (4th Cir. 2013).

First, the Commissioner will consider a claimant's work activity.  If the claimant is engaged in substantial gainful activity, then the claimant is not disabled.  20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).

Second, if the claimant is not engaged in substantial gainful activity, the Commissioner looks to see whether the claimant has a "severe" impairment, i.e., an impairment or combination of impairments that significantly limits the claimant's physical or mental ability to do basic work activities.  *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995); *see* 20 C.F.R. §§ 404.1520(c), 404.1521(a), 416.920(c), 416.921(a).[4]

---

[4] The ability to do basic work activities is defined as "the abilities and aptitudes necessary to do most jobs."  20 C.F.R. §§ 404.1521(b), 416.921(b).  These abilities and aptitudes include (1) physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching,

Third, if the claimant has a severe impairment, then the Commissioner will consider the medical severity of the impairment. If the impairment meets or equals one of the presumptively disabling impairments listed in the regulations, then the claimant is considered disabled, regardless of age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(iii), 404.1520(d), 416.920(a)(4)(iii), 416.920(d); *see Radford*, 734 F.3d at 293.

Fourth, if the claimant's impairment is severe, but it does not meet or equal one of the presumptively disabling impairments, then the Commissioner will assess the claimant's RFC to determine the claimant's "ability to meet the physical, mental, sensory, and other requirements" of the claimant's past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1545(a)(4), 416.920(a)(4)(iv), 416.945(a)(4). RFC is a measurement of the most a claimant can do despite his or her limitations. *Hines v. Barnhart*, 453 F.3d 559, 562 (4th Cir. 2006); *see* 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The claimant is responsible for providing evidence the Commissioner will use to make a finding as to the claimant's RFC, but the Commissioner is responsible for developing the claimant's "complete medical history, including arranging for a consultative examination(s) if necessary, and making every reasonable effort to help [the claimant] get medical reports from [the claimant's] own medical sources." 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3). The Commissioner also will consider certain non-medical evidence and other evidence listed in the regulations. *See id.* If a claimant retains the RFC to perform past relevant work, then the claimant is not disabled. *Id.* §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).

---

carrying, or handling; (2) capacities for seeing, hearing, and speaking; (3) understanding, carrying out, and remembering simple instructions; (4) use of judgment; (5) responding appropriately to supervision, co-workers, and usual work situations; and (6) dealing with changes in a routine work setting. *Id.* §§ 404.1521(b)(1)-(6), 416.921(b)(1)-(6); *see Yuckert*, 482 U.S. at 141, 107 S. Ct. at 2291.

Fifth, if the claimant's RFC as determined in step four will not allow the claimant to perform past relevant work, then the burden shifts to the Commissioner to prove that there is other work that the claimant can do, given the claimant's RFC as determined at step four, age, education, and work experience. *See Hancock v. Astrue*, 667 F.3d 470, 472-73 (4th Cir. 2012). The Commissioner must prove not only that the claimant's RFC will allow the claimant to make an adjustment to other work, but also that the other work exists in significant numbers in the national economy. *See Walls*, 296 F.3d at 290; 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the claimant can make an adjustment to other work that exists in significant numbers in the national economy, then the Commissioner will find that the claimant is not disabled. If the claimant cannot make an adjustment to other work, then the Commissioner will find that the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## V

## Substantial Evidence Standard

The Court reviews an ALJ's decision to determine whether the ALJ applied the correct legal standards and whether the factual findings are supported by substantial evidence. *See Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). In other words, the issue before the Court "is not whether [Plaintiff] is disabled, but whether the ALJ's finding that [Plaintiff] is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law." *Id.* The Court's review is deferential, as "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Under this standard, substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion.

*See Hancock*, 667 F.3d at 472; *see also Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971).

In evaluating the evidence in an appeal of a denial of benefits, the court does "not conduct a *de novo* review of the evidence," *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986), or undertake to reweigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Commissioner. *Hancock*, 667 F.3d at 472. Rather, "[t]he duty to resolve conflicts in the evidence rests with the ALJ, not with a reviewing court." *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996). When conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ. *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam).

## VI

### Discussion

**A.   Plaintiff's Date Last Insured**

Plaintiff first maintains that the ALJ erred in determining her date last insured, which is actually June 30, 2010 (R. at 91), causing an non-adjudicated period from January 1, 2009, to June 30, 2010. Pl.'s Mem. Supp. Mot. Summ. J. 3-4, ECF No. 10-1. The Commissioner concedes that Plaintiff's correct date last insured is June 30, 2010, but contends that the ALJ's erroneous determination is harmless. Def.'s Mem. Supp. Mot. Summ. J. 7-9, ECF No. 12-1. The Court agrees.

"To qualify for DIB, [the claimant] must prove that she became disabled prior to the expiration of her insured status." *Johnson*, 434 F.3d 650, 655-56. Further, the burden is on the party attacking an agency's determination to show that prejudice resulted from the error. *Shinseki v. Sanders*, 556 U.S. 396, 409-10, 129 S. Ct. 1696, 1705-06 (2009); *McLeod v. Astrue*,

640 F.3d 881, 887 (9th Cir. 2011) ("Where harmfulness of the error is not apparent from the circumstances, the party seeking reversal must explain how the error caused harm."); *Ngarurih v. Ashcroft*, 371 F.3d 182, 190 n.8 (4th Cir. 2004) ("[R]eversal is not required when the alleged error 'clearly had no bearing on the procedure used or the substance of [the] decision reached.'" (quoting *Mass. Trs. of E. Gas & Fuel Assocs. v. United States*, 377 U.S. 235, 248, 84 S. Ct. 1236, 1245 (1964))). Furthermore, "a deficiency in opinion-writing is not a sufficient reason for setting aside an administrative finding where the deficiency had no practical effect on the outcome of the case." *Senne v. Apfel*, 198 F.3d 1065, 1067 (8th Cir. 1999); *see Fisher v. Bowen*, 869 F.2d 1055, 1057 (7th Cir. 1989) (Posner, J.) ("No principle of administrative law or common sense requires us to remand a case in quest of a perfect opinion unless there is reason to believe that the remand might lead to a different result."). Rather, "[i]f it is predictable with great confidence that the agency will reinstate its decision on remand because the decision is overwhelmingly supported by the record though the agency's original opinion failed to marshal that support, then remanding is a waste of time." *Spiva v. Astrue*, 628 F.3d 346, 353 (7th Cir. 2010) (Posner, J.); *see Bishop v. Comm'r of Soc. Sec.*, No. 14-1042, 2014 WL 4347190, at *2 (4th Cir. Sept. 3, 2014) (per curiam).

Here, as the Commissioner points out, in determining Plaintiff's RFC, the ALJ reviewed in his decision the record evidence dated after December 31, 2008, the incorrect date last insured. R. at 19-21, 114-29, 184-215, 219-28.

> Plaintiff has failed to show any harm caused by the ALJ citing the incorrect date in his decision. Even though this error occurred, there is no indication it was anything but harmless. The ALJ considered medical evidence after December 31, [2008], without any indication that he was discounting it because it was after the date last insured. A remand is not warranted when an ALJ commits harmless error. Therefore, the Court determines that including the wrong date last insured was harmless error, and not grounds for remand or reversal.

9

*Furlow v. Comm'r of Soc. Sec.*, No. 2:12-CV-203-FTM-DNF, 2013 WL 4494990, at *8 (M.D. Fla. Aug. 19, 2013) (footnote and citation omitted).

**B.     Plaintiff's Past Relevant Work**

Plaintiff next asserts that the ALJ erroneously determined that she was capable of performing her past relevant work as a house cleaner (R. at 21-22) because the ALJ failed to determine properly whether she performed this work at the level of substantial gainful activity. Pl.'s Mem. Supp. Mot. Summ. J. 5-11, ECF No. 10-1.  As the Commissioner points out, "[h]owever, the ALJ proceeded to step five finding that there are other jobs existing in the national economy that she could perform.  Accordingly, if the Court upholds the ALJ's finding at step five of the sequential evaluation, any error at step four is harmless."  *Queen v. Astrue*, Civil Action No. TMD 10-3364, 2012 WL 1016822, at *3 (D. Md. Mar. 23, 2012); *see Carter v. Comm'r, Soc. Sec. Admin.*, Civil No. SAG-13-709, 2013 WL 5525884, at *3 (D. Md. Oct. 2, 2013) ("In light of the alternative findings regarding past relevant work and the jobs listed in the VE's response to the hypothetical question, the error in the past relevant work analysis does not mandate remand.").  Because Plaintiff has not disputed the ALJ's determination at step five, her argument regarding any error by the ALJ at step four is unavailing.

**C.     The ALJ's RFC Assessment**

Plaintiff finally contends that the ALJ erroneously assessed her RFC contrary to Social Security Ruling[5] ("SSR") 96-8p.  Pl.'s Mem. Supp. Mot. Summ. J. 11-15, ECF No. 10-1 (citing,

---

[5] Social Security Rulings are "final opinions and orders and statements of policy and interpretations" that the Social Security Administration has adopted.  20 C.F.R. § 402.35(b)(1).  Once published, these rulings are binding on all components of the Social Security Administration.  *Heckler v. Edwards*, 465 U.S. 870, 873 n.3, 104 S. Ct. 1532, 1534 n.3 (1984); 20 C.F.R. § 402.35(b)(1).  "While they do not have the force of law, they are entitled to deference unless they are clearly erroneous or inconsistent with the law."  *Pass*, 65 F.3d at 1204 n.3.

*inter alia*, *Fleming v. Barnhart*, 284 F. Supp. 2d 256, 271-72 (D. Md. 2003)). Plaintiff maintains that the ALJ "failed to set forth a narrative discussion describing how the evidence supported each conclusion, citing specific medical facts and nonmedical evidence." *Id.* at 14. Plaintiff's assertion is without merit.

Plaintiff contends that the ALJ failed to set forth a narrative discussion under SSR 96-8p, contending that the ALJ did not explain the evidence upon which he relied to support his RFC assessment, citing *Lane-Rauth v. Barnhart*, 437 F. Supp. 2d 63, 67 (D.D.C. 2006). However, "SSR 96-8p only requires *consideration* of all [seven functional] factors [relating to sitting, standing, walking, lifting, carrying, pushing, and pulling], not *enumeration* of all the factors." *Banks v. Astrue*, 537 F. Supp. 2d 75, 84 (D.D.C. 2008). SSR 96-8p "does not require written articulation of all seven strength demands." *Id.* at 85. Accordingly, "a written function-by-function analysis is not required." *Id.*; *see Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005) ("Preparing a function-by-function analysis for medical conditions or impairments that the ALJ found neither credible nor supported by the record is unnecessary." (citing SSR 96-8p)).

In this case, the ALJ discussed in narrative form the records and opinions of Plaintiff's examining sources. R. at 19-20. The ALJ also considered Plaintiff's testimony and credibility when determining her RFC. R. at 19, 21. Thus, the ALJ's function-by-function assessment and narrative discussion were proper. *See Brown v. Astrue*, Civil Action No. TMD 09-1358, 2011 WL 3047635, at *2 (D. Md. July 22, 2011); *Walter v. Astrue*, Civil No. JKS 08-639, 2009 WL 2584817, at *4 (D. Md. Aug. 19, 2009) (concluding that ALJ's "function by function" assessment was adequate because ALJ evaluated medical facts and opinions, as well as claimant's testimony and credibility, in narrative discussion). In any event, Plaintiff does not dispute either the weight given by the ALJ to the opinion evidence or the ALJ's consideration of

her activities of daily living in discounting her credibility.  *See Johnson*, 434 F.3d at 658; *Gross v. Heckler*, 785 F.2d 1163, 1166 (4th Cir. 1986) (per curiam).  Accordingly, Plaintiff's assertion is unavailing.

In sum, substantial evidence supports the decision of the ALJ, who applied the correct legal standards in this case.  Accordingly, Defendant's Motion for Summary Judgment is **GRANTED**, Plaintiff's Motion for Summary Judgment is **DENIED**, and the Commissioner's decision is **AFFIRMED**.

## VII

### Conclusion

For the foregoing reasons, Defendant's Motion for Summary Judgment (ECF No. 12) is **GRANTED**.  Plaintiff's Motion for Summary Judgment (ECF No. 10) is **DENIED**.  The Commissioner's decision is **AFFIRMED**.  A separate order shall issue.

Date: September 11, 2014                                 /s/
                                                                   Thomas M. DiGirolamo
                                                                   United States Magistrate Judge